**SCOTT CUMMINGS (SBN: 204111)**
**LEE FRANCK (SBN: 229055)**
**CUMMINGS & FRANCK, P.C.**
1025 W. 190th Street, Suite 200
Gardena, CA 90248
Telephone: (310) 295-2195
Facsimile: (310) 295-2180

Attorneys for Plaintiff ELIZABETH CLAIBORNE

**UNITED STATES DISTRICT COURT FOR THE**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIZABETH CLAIBORNE,<br><br>Plaintiff,<br><br>vs.<br><br>THE HERTZ CORPORATION; HERTZ GLOBAL HOLDINGS, INC.; ROSA CABRERA, and DOES 1 TO 100, inclusive,<br><br>Defendants. | Case No: 2:24-cv-05571MRA (AGRx)<br><br>PLAINTIFF'S MOTION TO REMAND THE ENTIRE CASE BACK TO STATE COURT<br><br>Judge: Hon. Monica Ramirez Almadani<br><br>Date: September 19, 2024<br>Time: 1:30 p.m.<br>Location: First Street Courthouse 350 W. 1st Street, Courtroom 10A, 10th Floor Los Angeles, CA 90012 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on September 19, 2024, at 1:30p.m. or as soon thereafter as the matter can be heard, in in Department 10B of the above-entitled Court located at First Street Courthouse, 350 West 1st Street, Courtroom 10B, 10th Floor, Los Angeles, CA 90012, Plaintiff ELIZABETH CLAIBORNE will move to



CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

REMAND this case back to state court by, pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a), 1446, 1447(c), and 1453 because:

1. Plaintiff does not have a Federal Question cause of action, and
2. Diversity of citizenship does not exist—both Plaintiff and the individually named Defendant, Rosa Cabrera, are residents of California.

This motion is made following the conference of counsel pursuant to LR. 7-3, which took place on July 3, 2024 and July 18, 2024 (see Exhibits A & B). Plaintiff complied with Local Rule 7-3, by meeting and conferring with defense counsel on July 3, 2024 (via email) and July 18, 2024 (via telephone and email). (Exhibits A & B). It has been more than 7 days since the telephonic meet and confer and, to date, Defendant has refused to agree to remand.

Said motion for remand is based on 28 U.S.C. §1447(c) in that the federal court does not have subject matter jurisdiction and remand is proper as supplemental jurisdiction is not warranted nor should the Court exercise its discretion to do so.

Additionally, Plaintiff requests that this Court order Defendants to pay $13,200.00 in costs/sanctions, pursuant to 28 USC § 1447(c), to reimburse Plaintiff for the costs and fees incurred as a result of Defendants' improper removal of this case.

This motion will be based on this notice, pleadings, entire court file for this action, and the attached memorandum of points and authorities, supporting declarations of Lee Franck and Daniela Sanchez, exhibits, and any evidence that may

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

be presented at the hearing.

///

Dated: July 31, 2024

**CUMMINGS & FRANCK, P.C.**

By: _/s/ - Lee Franck_____________________

Lee Franck

Attorney for Plaintiff

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

Table of Contents

**I. INTRODUCTION**……………………………………………………………..1

**II. STATEMENT OF FACTS**…………………………………………………2

A. DEFENDANTS REMOVED BASED ON BOTH FEDERAL QUESTION AND DIVERSITY JURISDICTION……………………...3

B. PLAINTIFF COMPLIED WITH LOCAL RULE 7-3 PRIOR TO FILING THIS MOTION……………………………………………...3

**III. ARGUMENT**…………………………………………………………….4

A. REMAND IS PROPER BECAUSE THE LMRA DOES NOT APPLY AND AS SUCH, NO FEDERAL QUESTION EXISTS……………...4

1. Preemption does not arise by "the bare fact" of a collective bargaining agreement:……………………………………………..6

2. Preemption does not arise when interpretation is required only by a defense:……………………………………………………...7

B. REMAND IS PROPER BECAUSE THERE IS NOT DIVERSITY OF CITIZENSHIP; BOTH PLAINTIFF AND DEFENDANT CABRERA RESIDE IN CALIFORNIA………………………………………….8

1. Defendants must carry a heavy burden of proof to successfully establish fraudulent joinder:…………………………………9

*a. Plaintiff's hostile work environment cause of action:*…..11

*b. Plaintiff's state labor code violation causes of action:*….14

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

c. *Plaintiff's intentional infliction of emotional distress cause of action:*……………………………………………..15

2. Presumption against finding fraudulent joinder:……………..17

3. Fraudulent joinder finding requires Defendants show there is no possibility where Plaintiff could ever prevail:………………..18

4. District courts must not pre-try substantive factual threshold issues in order to determine whether the joinder was a sham:….20

5. Defense on the merits by a non-diverse defendant should not be considered to determine whether joinder was fraudulent:………20

a. *The managerial privilege defense does not resolve Plaintiff's claims of hostile work environment and intentional infliction of emotional distress:*……………21

b. *Plaintiff's claims of hostile work environment and intentional infliction of emotional distress against Defendant Cabrera allege specific, severe, pervasive, extreme and outrageous factual allegations:*…………….24

c. *Plaintiff's claims of hostile work environment and intentional infliction of emotional distress against Defendant Cabrera are not preempted by the Worker's Compensation Exclusivity Rule:*………………………….26

d. *Doe defendants should not be disregarded*..…………….27


CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

C. REMAND IS TIMELY……………………………………………….27

D. PLAINTIFF'S COUNSEL SEEKS ATTORNEY FEES AND COSTS FOR HAVING TO FILE THIS MOTION FOR REMAND…………..28

**IV. CONCLUSION**……………………………………………………….29

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

# Table of Authorities

## Cases

*Alcorn v. Anbro Engineering, Inc.* (1970) 2 Cal.3d 493……………………………25

*American Fire & Cas. Co v. Finn* (1951) 341 U.S. 6……………………………..4, 28

*Balcorta v. Twentieth Century-Fox Film Corp.* (9th Cir. 2000) 208 F.3d 1102…...6-7

*Boyer v. Snap-On-Tools Corp.* (3rd Cir. 1990) 913 F.2d 108………10,11, 14, 15, 19

*Carnegie-Mellon Univ. v. Cohill* (1988) 484 U.S. 343………………………………3

*Caterpillar Inc. v. Williams* (1987) 482 U.S. 386……………………………………8

*Cole v. Fair Oak Fire Protection Dist.* (1987) 43 Cal.3d 148…………………….27

*Dodson v. Spiliada Maritime Corp.* (5th Cir. 1992) 951 F.2d 40…………10, 18, 19

*Green v. Amerada Hess Corp.* (5th Cir. 1983) 707 F.2d 201……………………….21

*Hartley v. CSX Transp., Inc.* (4th Cir. 1999) 187 F.3d 422…………………………10

*Hughes v. Pair* (2009) 46 Cal.4th 1035………………………...………………………25

*Hunter v. Philip Morris USA* (9th Cir. 2009) 582 F.3d 1039…………...…..20, 21, 22

*Jernigan v. Ashland Oil Co.* (5th Cir. 1993) 989 F.2d 812……………………...10, 11

*Livadas v. Bradshaw* (1994) 512 U.S. 107……………………………………..6, 7

*Livitsanos v. Superior Court* (Continental Culture Specialists, Inc.) (1992) 2 Cal.App.4th 243……………………………………………………………………28

*Martin v. Franklin Capital Corp.* (2005) 546 U.S. 132……………………………..29

*Martinez v. Michaels* (C.D. Cal. 2015) 2015 U.S. Dist. LEXIS 92180…………16-24

*Melendez v. S.F. Baseball Assocs. LLC* (2019) 7 Cal. 5th 1……………………1, 5-8



CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

*Pampillonia v. RJR Nabisco, Inc.* (2nd Cir. 1998) 138 F.3d 459……………………11

*Percherski v. General Motors Corp.* (8th Cir. 1981) 636 F.2d 1156……………….2

*Ritchey v. Upjohn Drug Co.* (9th Cir. 1998) 139 F.3d 1313………………...………10

*Riverdale Baptist Church v. Certainteed Corp.*(D. MD 2004) 349 F.Supp.2d 943…22

*Stillwell v. Allstate Ins. Co.* (11th 2011) 663 F.3d 1329…………………………….19

**Statutes**

28 U.S.C. § 1332………………………………………………………………10

28 U.S.C. §1447…………………………………………………………….2, 4, 28-29

**Rules**

Federal Rules of Civil Procedure, Rule 12…………………………………………19

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendants improperly removed this case from the Superior Court for the County of Los Angeles to this Court by asserting both federal question jurisdiction and diversity of citizenship. Neither exist. First, there is no federal question because this lawsuit alleges only state law claims. It is a single plaintiff wrongful termination action brought exclusively under state laws (the primary allegations are discrimination, harassment, and retaliation). All of Plaintiff's claims are state law claims. Defendants argue that the Labor Management Relations Act (LMRA) applies because Plaintiff's workplace was unionized, and she happened to be a union member. But none of Plaintiff's claims depend on any collective bargaining agreement, she does not have any sort of breach of contract claim or any other claim that references any collective bargaining agreement. The California Supreme Court has ruled that when a dispute turns on the interpretation of California state laws, the LMRA does not preempt state law. *Melendez v. S.F. Baseball Assocs.* LLC, 7 Cal. 5th 1, 10, 246 Cal. Rptr. 3d 287, 294, 439 P.3d 764, 770-771 (2019) ("The parties' dispute turns on an interpretation of California's independent labor laws, not on an interpretation of the collective bargaining agreement….Our finding that the action is not preempted is consistent with the policies underlying section 301(a)."). As such, Defendant's assertion of a federal question was improper, and this case was improperly removed because there is no federal question.

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

Furthermore, diversity of citizenship does not exist, so the case was also improperly removed based on an improper claim of diversity. *Percherski v. General Motors Corp.* (8th Cir. 1981) 636 F.2d 1156, 1160 (a case is not removable based upon diversity grounds if any defendant is a citizen of the same state as the plaintiff). Plaintiff's main harasser is an individually named defendant: Defendant Rosa Cabrera, who, like Plaintiff, resides in California. Plaintiff's Complaint has detailed allegations that support her causes of action against Defendant Cabrera. (e.g., Complaint ¶20 "Cabrera was directly involved in the hostile work environment…saying they would fire all the black employees…saying that African Americans complain too much, talking in a negative way to African American employees…"). So, the case was also improperly removed based on an improper claim of diversity.

Plaintiff's counsel and defense counsel have met and conferred multiple times, via email as well as telephonically, but have not come to an accord to remand the case back to state court. (Exhibits A & B). As such, Plaintiff is filing this motion for remand.

As the Court is well aware, any time prior to final judgement, a party can seek to remand a case for lack of subject matter jurisdiction. 28 U.S.C. §1447(c). This Court does not have subject matter jurisdiction because there is no federal question—this is a single plaintiff wrongful termination action with only state law claims—and diversity of citizenship does not exist because both Plaintiff and Defendant Rosa

Cabrera reside in California. It is typically an abuse of discretion to not remand at this stage of the case. *Carnegie-Mellon Univ. v. Cohill*, (1988) 484 US 343, 484. Accordingly, Plaintiff requests that this matter be remanded.

## II. STATEMENT OF FACTS

On May 28, 2024, Plaintiff filed a wrongful termination action in state court alleging only state law claims (e.g., discrimination, hostile work environment, failure to accommodate in violation of California state law). Plaintiff alleged her supervisor, Defendant Rosa Cabrera, was her main harasser and personally liable under Labor Code §558.1. To be clear, Defendant Cabrera was not added later to avoid diversity, she was in the case the entire time. (Exhibit A). Both Plaintiff and Ms. Cabrera are residents of California.

### A. DEFENDANTS REMOVED BASED ON BOTH FEDERAL QUESTION AND DIVERSITY JURISDICTION

On July 1, 2024, Defendants filed a notice of removal in which they argued the Labor Management Relations Act (LMRA) applies and as such, a federal question exists. (Notice of Removal, p. 4 ¶9). Defendants also alleged diversity of citizenship, arguing Defendant Cabrera is a sham defendant and that the doe defendants should be disregarded. (Notice of Removal, p. 11 ¶37, p. 21 ¶67).

### B. PLAINTIFF COMPLIED WITH LOCAL RULE 7-3 PRIOR TO FILING THIS MOTION

Plaintiff's counsel and defense counsel met and conferred on July 3 and July 18,

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

2024, for purpose of remand but have not come to an accord. (Exhibits A & B). As such, Plaintiff is filing this motion for remand.

**III. ARGUMENT**

First, Defendant's assertion that a federal question exists is fundamentally misguided. The LMRA does not come into play simply because Plaintiff's workplace was unionized, and she happened to be a union member. Plaintiff did not sue under the union agreement, she sued under state law.

Second, Plaintiff's main harasser was her supervisor, Defendant Rosa Cabrera. Both Plaintiff and Defendant Cabrera are residents of California, so there is no diversity of citizenship. Plaintiff alleged her supervisor, Defendant Rosa Cabrera, was her main harasser and personally liable under Labor Code §558.1. Accordingly, this case necessitates remand back to the state court.

Remand may be ordered for lack of subject matter jurisdiction at any point prior to final judgment. 28 U.S.C. §1447(c). If there is any doubt about subject matter jurisdiction, remand must be ordered. *Ethridge v. Harbor House Rest.*, (9th Cir. 1988) 861 F.2d 1389, 1393. The proper procedure to challenge a removal is a motion for remand. *American Fire & Cas. Co v. Finn*, (1951) 341 US 6, 7. Subject matter jurisdiction can be raised at any time and cannot be waived. *International Primate Protection League v. Administrators of Tulane Educational Fund*, (1991) 500 US 72, 87. They are not subject to the 30-day period of procedural defects.

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

A. REMAND IS PROPER BECAUSE THE LMRA DOES NOT APPLY, AND AS SUCH, NO FEDERAL QUESTION EXISTS.

Contrary to Defendant's assertion, this case does not "arise" under the LMRA. This is a single plaintiff wrongful termination action with only state law claims. In a nutshell, Plaintiff alleges she was being harassed and discriminated against because of her race (she's African-American) and her requesting accommodations to care for disabled family members (her brother died and her sister had a paralyzing stroke), and that she was retaliated against for complaining about unsafe working conditions (working outside without access to shade or water), all of which ultimately culminated in her wrongful termination.

She alleges she was harassed by numerous supervisors, with Defendant Rosa Cabrera being the main harasser. Plaintiff also alleges that Rosa Cabrera personally liable for the wage and hour violations under Labor Code §558.1. The fact that Plaintiff happened to be a union member because her workplace was unionized has nothing to do with her lawsuit. All of Plaintiff's claims are state law claims.

The California Supreme Court has ruled that LMRA does not preempt state law when a dispute turns on the interpretation of California state laws, and not on the interpretation of a collective bargaining agreement. *Melendez v. S.F. Baseball Assocs.* LLC, 7 Cal. 5th 1, 10, 246 Cal. Rptr. 3d 287, 294, 439 P.3d 764, 770-771 (2019) ("The parties' dispute turns on an interpretation of California's independent labor laws, not on an interpretation of the collective bargaining agreement….Our finding

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

that the action is not preempted is consistent with the policies underlying section 301(a).”). In that case, George Melendez was the lead plaintiff in a class action lawsuit against the San Francisco Giants baseball team. Melendez and his fellow security guards alleged they were intermittent employees whose employment ended at the end of the baseball season, but the Giants contended they were “year-round” employees whose employment only ended if they resigned or were terminated pursuant to their collective bargaining agreement. The Giants alleged the case was preempted by the LRMA because it necessitated interpretation of the collective bargaining agreement. The Court disagreed, and determined the following:

> “[B]earing in mind that preemption should not be lightly inferred because establishing minimum labor standards comes within a state’s traditional police power, we conclude this lawsuit is not preempted. The parties’ dispute turns on an interpretation of California’s independent labor laws, not on an interpretation of the collective bargaining agreement.” *Id.*

1. <u>Preemption does not arise by “ the bare fact” of a collective bargaining agreement:</u>

Further, the *Melendez* court cited the Ninth Circuit in *Balcorta v. Twentieth Century-Fox Film Corp.* (9th Cir. 2000) 208 F.3d 1102, 1107, which itself cited the United States Supreme Court in *Livadas v. Bradshaw*: “ Finally, we were clear that when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation

plainly does not require the claim to be extinguished." *Melendez v. S.F. Baseball Assocs. LLC*, 7 Cal. 5th 1, 8, 246 Cal. Rptr. 3d 287, 292, 439 P.3d 764, 768 (2019) citing *Balcorta v. Twentieth Century-Fox Film Corp.* (9th Cir. 2000) 208 F.3d 1102, 1107 citing *Livadas v. Bradshaw*, 512 U.S. 107, 124, 114 S. Ct. 2068, 2078 (1994).

So, the mere existence of a collective bargaining agreement at Plaintiff's former workplace is not enough to warrant preemption. Defendants have, either willfully or ignorantly, a fundamental misunderstanding of Plaintiff's claims. Plaintiff is asserting only state law claims—every single one of her claims assert violations of California Labor Codes or the Fair Employment and Housing Act (FEHA). Therefore, it is immaterial for Defendants to cite to the collective bargaining agreement as stating, "The Employer will not discharge or suspend any employee without just cause." (Notice of Removal, p. 7 ¶20). Plaintiff did not sue based on that "just cause" clause. She sued based on state law, and only state law.

Being a union member does not mean that all cases should be in federal court. Plaintiff did not raise claims of violation of the collective bargaining agreement – her claims are violation of state laws. This does not require, to determine the causes of action, interpretation of laws covered by the LMRA. For Defendant to be correct, every case involving a union member would be in federal court. Obviously, that is wrong.

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

2. Preemption does not arise when interpretation is required only by a defense:

Furthermore, "Preemption does not arise when interpretation is required only by a defense." *Melendez v. S.F. Baseball Assocs.* LLC, 7 Cal. 5th 1, 9, 246 Cal. Rptr. 3d 287, 292, 439 P.3d 764, 768-69 (2019) citing *Caterpillar Inc. v. Williams* (1987) 482 U.S. 386, 398–399. Accordingly, Defendants' assertion of the collective bargaining agreement as a defense is irrelevant to a fraudulent joinder finding.

In fact, there is only one way preemption occurs: "Preemption occurs when a claim cannot be resolved on the merits without choosing among competing interpretations of a collective bargaining agreement and its application to the claim." *Id.* Defendants seem to want Plaintiff to have sued under the collective bargaining agreement, but that is not what she did. She sued based on state law, and only state law. There is no danger of "competing interpretations" of the collective bargaining agreement because Defendants have not shown any reason why or how the collective bargaining agreement would have to be "interpreted" at all.

Furthermore, it also doesn't matter if Plaintiff filed a grievance with her union before ultimately being fired. Plaintiff ultimately *was* fired, and her instant lawsuit is alleging that that firing was a wrongful termination in violation of state law—and only state law.

Therefore, the LMRA does not preempt Plaintiff's state law claims and there is no federal question at issue in this case.

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

B. REMAND IS PROPER BECAUSE THERE IS NO DIVERSITY OF CITIZENSHIP: BOTH PLAINTIFF AND DEFENDANT CABRERA RESIDE IN CALIFORNIA.

There is no diversity of citizenship in this case because both Plaintiff and Defendant Cabrera reside in California. Plaintiff has always alleged that her main harasser was her supervisor, Defendant Rosa Cabrera. Plaintiff also alleges that Ms. Cabrera is personally liable for the wage and hour violations under Labor Code §558.1. Defendant Cabrera was not added later to avoid diversity, she was in the case the entire time. (Exhibit A). Plaintiff has six causes of action against Defendant Cabrera: hostile work environment (Complaint, Fifth Cause of Action, ¶¶138-158), state labor code violations (Complaint, Ninth-Twelfth Causes of Action, ¶¶204-257), and intentional infliction of emotional distress (Complaint, Seventeenth Cause of Action, ¶¶350-359). Because both Plaintiff and Defendant Cabrera are residents of California, there is no diversity of citizenship.

In an attempt to avoid the fact that Defendant Cabrera's California residency destroys complete diversity, Defendants argue that Plaintiff's causes of action against Defendant Cabrera for hostile work environment, state labor code violations, and intentional infliction of emotional distress are "sham" claims and/or constitute fraudulent joinder. However, Defendants' arguments as to why these claims are a "sham" are contrary to Plaintiff's Complaint, and amount only to wishful thinking (just like their federal question argument addressed above). Defendants make

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

arguments like ones made in a demurrer to argue Plaintiff's cause of action against Defendant Cabrera are a "sham." It should be noted that Defendants never demurred to these causes of action which they are now calling a sham. In essence, Defendants seem to be arguing that Plaintiff's allegations are vague, and that equates to the causes of action being a sham. However, arguing that Plaintiff's allegations in her Complaint are vague does not come close to meeting its legal burden. *Jernigan v. Ashland Oil Co.* (5th Cir. 1993) 989 F.2d 812, 815-816, and also see *Boyer v. Snap-On-Tools Corp.* (3rd Cir. 1990) 913 F.2d 108, 111. When fraudulent joinder is alleged, the question that must be answered is simply whether there is any possibility that plaintiff will be able to establish liability against the party in question. *Dodson v. Spiliada Maritime Corp.* (5th Cir. 1992) 951 F.2d 40, 42; *Ritchey v. Upjohn Drug Co.* (9th Cir. 1998) 139 F.3d 1313, 1318-1319; *Hartley v. CSX Transp., Inc.* (4th Cir. 1999) 187 F.3d 422, 426 ("slight" possibility of recovery ends jurisdictional inquiry).

1. <u>Defendants must carry a heavy burden of proof to successfully establish fraudulent joinder:</u>

"Where a defendant removes under § 1332(a), the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Martinez v. Michaels*, No. CV 15-02104 MMM (Ex), 2015 U.S. Dist. LEXIS 92180, at *6-9 (C.D. Cal. July 15, 2015) citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). When fraudulent joinder is alleged, the removing defendant

has the **heavy burden of alleging and proving** the non-diverse party's joinder is a "sham" or "fraudulent." *Jernigan v. Ashland Oil Co.* (5th Cir. 1993) 989 F.2d 812, 815-816. The fraudulent joinder doctrine only requires courts to disregard the citizenship of defendants when no viable cause of action has been stated against them, or when evidence presented by the removing party shows that there is no factual basis for the claims alleged against the defendants. See *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Defendants must show by a clear and convincing standard that the joinder is a "sham" or "fraudulent." *Pampillonia v. RJR Nabisco, Inc.* (2nd Cir. 1998) 138 F.3d 459, 461. "There is a presumption against finding fraudulent joinder, and defendants who assert that a plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

Accordingly, "A district court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer v. Snap-On-Tools Corp.* (3rd Cir. 1990) 913 F.2d 108, 111. "If there is even a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.*

In the present case, Plaintiff alleges six causes of action against Defendant Cabrera: hostile work environment (Complaint, Fifth Cause of Action, ¶¶138-158),

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

state labor code violations of which she is personally liable under Labor Code §558.1 (Complaint, Ninth–Twelfth Causes of Action, ¶¶204-257), and intentional infliction of emotional distress (Complaint, Seventeenth Cause of Action, ¶¶350-359). Defendants have presented no law or evidence that proves Plaintiff has no possibility of prevailing on any her claims against Defendant Cabrera. In fact, Defendants have fully ignored the specific factual allegations Plaintiff makes about Defendant Cabrera in her Complaint:

*a. Plaintiff's hostile work environment cause of action:*

As to Plaintiff's hostile work environment cause of action: Under California Government Code §12923(b), even a single incident of harassing conduct is enough to create a hostile work environment. Further, under §12923, harassment cannot be determined on the papers anymore. So, really there is no basis to even make such an argument under FEHA—which is what Plaintiff sued under. Nevertheless, in her Complaint, Plaintiff gave various examples of Defendant Cabrera's harassing comments and other mistreatment, all of which were "continuous and frequent and directed at Plaintiff and other African Americans." (Complaint, ¶20). Plaintiff's examples are as follows:

- "saying they would fire all the black employees,"
- "saying they would fire all the black employees if they did not get in line,"
- "telling African Americans they don't have the right look,"
- "saying that non-African Americans can be promoted because they have the

right look,"

- "saying that African Americans are a problem,"
- "saying that African Americans complain too much,"
- "talking in a negative way to African American employees, whereas talking in a respectful way to non-African American employees,"
- "denying access badges to Plaintiff and other African American employees whereas providing access badges to non-African American employees,"
- "firing African American employees (including Plaintiff and others) whereas not firing non-African American employees,"
- "denying similar terms, conditions, and privileges to African Americans, whereas providing those same terms, conditions and privileges to non-African Americans including access badges,"
- "promoting non-African Americans over African Americans,"
- "yelling at African Americans whereas being respectful to non-African Americans,"
- "[African Americans] denied access to the employee parking lot when non-African American employees were allowed to park in the parking lot,"
- "[African Americans] denied proper training when non-African American employees were given proper training,"
- "being disrespectful to African Americans only,"
- "yelling at African Americans for being on the phone whereas allowing

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

non-African Americans to be on the phone,"

- "treating African Americans poorly,"
- "denied pay increases to African Americans when non-African Americans were given them,"
- "African Americans were schedule to work in a less desirable work area, where there was no shade, water or access to suitable seating when non-African American employees were allowed to work in more favorable conditions and/or positions."

(Complaint, ¶20).

Accordingly, under California Government Code §12923(b), Plaintiff's allegations against Defendant Cabrera demonstrate "a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants." See *Boyer v. Snap-On-Tools Corp.* (3rd Cir. 1990) 913 F.2d 108, 111. In response, Defendants have chosen to ignore all the relevant factual allegations in Plaintiff's Complaint (e.g., ¶20), and have not presented any law or evidence that would establish that Plaintiff has no possibility of prevailing on her hostile work environment claim—which is what Defendants would need to do to meet their heavy burden of persuasion. As such, remand back to the state court is justified based solely on Plaintiff's hostile work environment claim against Defendant Cabrera.

*b. Plaintiff's state labor code violation causes of action:*

Under California Labor Code §558.1, in relation to Plaintiff's state labor code

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

violation causes of action, Plaintiff pled the following factual allegations about Defendant Cabrera being a managing agent:

- Defendant Cabrera was acting on behalf of Defendant Hertz and as such was considered an employer for purposes of liability.
- Defendant Cabrera actually violated the Labor Code §§203, 226, 226.7, 1193.6, 1194 and/or 2802.
- Defendant Cabrera subjected Plaintiff to those labor code violations.
- Defendant Cabrera is a managing agent, with the ability to set corporate policy and the ability to make decisions on corporate policy relating to pay, wages, wage statements, final pay, Labor Code issues and compliance, Sick leave, Kin Care leave, time off, accommodations, pay breaks, wage and hour and other issues.

(Complaint, ¶11).

Accordingly, under California Labor Code §558.1, Plaintiff's allegations demonstrate "a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants" See *Boyer v. Snap-On-Tools Corp.* (3rd Cir. 1990) 913 F.2d 108, 111. Defendants have not presented any law or evidence that Plaintiff has absolutely no possibility of prevailing on her state labor code violation causes of action against Defendant Cabrera.

*c. Plaintiff's intentional infliction of emotional distress cause of action*

"[A] claim of intentional infliction of emotional distress [can be asserted against a manager,] '[w]here the behavior goes beyond the act of termination" or other management activity." *Martinez v. Michaels*, No. CV 15-02104 MMM (Ex), 2015 U.S. Dist. LEXIS 92180, at *27 (C.D. Cal. July 15, 2015) (internal citations omitted). Moreover, the *Martinez* district court went on to find the following about intentional infliction of emotional distress claims specifically in employment contexts:

> "In fact, courts ordinarily find IIED claims based on workplace harassment or discrimination viable even where asserted against individual supervisors. See *Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM (FMOx), 2013 U.S. Dist. LEXIS 31036, 2013 WL 815975, *9 (C.D. Cal. Mar. 5, 2013) (concluding that plaintiff may be able to amend his complaint to state a viable IIED claim against his former manager); *Chavez v. Amerigas Propane, Inc.*, No. CV 12-07524 MMM (Ex), 2013 U.S. Dist. LEXIS 420, 2013 WL 25882, *7 (C.D. Cal. Jan. 2, 2013) (finding that a supervisor was not fraudulently joined where plaintiff alleged that the supervisor showered favoritism to young, Caucasian employees and failed to promote him because of his ethnicity, citing *Barsell v. Urban Outfitters, Inc.*, No. 09-2604 MMM (RZx), 2009 U.S. Dist. LEXIS 123475, 2009 WL 1916495, *4 (C.D. Cal. July 1, 2009) ("Because this [IIED] claim is based on allegations of disability discrimination, there is a non-fanciful

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

possibility" that plaintiff can state a claim against her supervisor)); *Graves*, 2006 U.S. Dist. LEXIS 13677, 2006 WL 618796 at *11 ("[C]ourts considering intentional infliction of emotional distress claims have clearly ruled that such claims can be brought where the 'distress is engendered by an employer's illegal discriminatory practices"); *Rojo v. Kliger*, 52 Cal.3d 65, 81, 276 Cal. Rptr. 130, 801 P.2d 373(1990) (stating that an "employer's discriminatory actions may constitute . . . outrageous conduct under a theory of intentional infliction of emotional distress"); *Murray v. Oceanside Unified School Dist.*, 79 Cal.App.4th 1338, 1362, 95 Cal. Rptr. 2d 28 (2000) (stating, in a case involving discrimination based on sexual orientation, that "a claim for emotional and psychological damage, arising out of employment, is not barred where the distress is engendered by an employer's illegal discriminatory practices"); see also *De Ruiz v. Courtyard Management Corp.*, No. C 06-03198 WHA, 2006 U.S. Dist. LEXIS 53935, 2006 WL 2053505, *4 (N.D. Cal. July 21, 2006) ("[C]onduct contrary to the public policy . . . can support an IIED claim" against an individual supervisor)." Id. at *29-30 (C.D. Cal. July 15, 2015).

Accordingly, Plaintiff's intentional infliction of emotional distress cause of action against Defendant Cabrera is supported by the same factual allegations that support her hostile work environment cause of action against Defendant Cabrera (Complaint, ¶20). Defendants have not presented any law or evidence that Plaintiff has absolutely no possibility of prevailing on her intentional infliction of emotional



CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

distress cause of action against Defendant Cabrera.

2. Presumption against finding fraudulent joinder:

In making a determination as to whether joinder was a "sham" or "fraudulent" the court should resolve "all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." *Dodson v. Spiliada Maritime Corp.* (5th Cir. 1992) 951 F.2d 40, 42-43. "There is a presumption against finding fraudulent joinder, and defendants who assert that a plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Martinez v. Michaels*, No. CV 15-02104 MMM (Ex), 2015 U.S. Dist. LEXIS 92180, at *9 (C.D. Cal. July 15, 2015). "Because all doubts must be resolved against removal, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor." *Id.* citing *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002) (citing *Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998)).

In addition to the presumption against finding fraudulent joinder, Plaintiff's Complaint contains detailed allegations that Defendant Cabrera was "directly involved in the hostile work environment…" (Complaint, ¶20) and if all of Plaintiff's factual allegations are construed in her favor, and all ambiguities in

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

controlling law are decided in Plaintiff's favor, clearly there is a possibility that Plaintiff will prevail on both her claims of hostile work environment and intentional infliction of emotional distress against Defendant Cabrera. See *Boyer v. Snap-On-Tools Corp.* (3rd Cir. 1990) 913 F.2d 108, 111. As for Plaintiff's state labor code violation causes of action against Defendant Cabrera, if Plaintiff's factual allegations with regard to Defendant Cabrera being a managing agent of Defendant Hertz are construed in her favor, then Plaintiff will also prevail on those state labor code violation claims.

3. Fraudulent joinder finding requires Defendants show there is no possibility where Plaintiff could ever prevail:

Fraudulent joinder is not shown simply because the action is likely to be dismissed against the defendant, instead, defendant must show that there is no possibility that plaintiff could prevail. *Dodson v. Spiliada Maritime Corp. (supra)* 951 F.2d at 42-43. "[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998).

Courts do not even use a Rule 12(b)(6) motion to dismiss standard in which the claim must be "plausible" on its face. Rather, the standard is whether there is "any possibility" the complaint stated a cause of action. *Stillwell v. Allstate Ins. Co.* (11th Cir. 2011) 663 F.3d 1329, 1333. "[I]f there is a possibility that a state court would

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003).

"Merely showing that an action is likely to be dismissed against [a] defendant does not demonstrate fraudulent joinder. Rather, it must appear to 'a near certainty' that joinder was fraudulent. As a result, the removing defendant must establish that there is absolutely no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant. . . . Thus, that a claim against the in-state defendant is insufficiently pled does not prove clearly and convincingly that there is absolutely no possibility that the plaintiff will be able to establish a cause of action." *Martinez v. Michaels*, No. CV 15-02104 MMM (Ex), 2015 U.S. Dist. LEXIS 92180, at *14 (C.D. Cal. July 15, 2015) citing *Amarant v. Home Depot U.S.A., Inc.*, No. 1:13-cv-00245-LJO-SKO, 2013 U.S. Dist. LEXIS 87990, 2013 WL 3146809, *6 (E.D. Cal. June 18, 2013). The *Martinez* court further reasoned the following:

> "As a result, a removing defendant alleging fraudulent joinder "must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla v. AT&T Corp.*, 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009)… Rather, the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies."

*Martinez*, 2015 U.S. Dist. LEXIS 92180, at *16 (C.D. Cal. July 15, 2015).

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

In their Notice of Removal, Defendants fully ignored all of Plaintiff's allegations against Defendant Cabrera in her Complaint (e.g., ¶20). As such, Defendants completely failed to establish that Plaintiff's allegations were so lacking to the point where they could not be corrected—this was Defendants' burden to bear in order to accomplish a finding of fraudulent joinder and they were unable to carry that burden.

4. District courts must not pre-try substantive factual threshold issues in order to determine whether the joinder was a sham:

District courts must not "pre-try" substantive factual issues in order to answer the discrete threshold question of whether the joinder of an in-state defendant is fraudulent. The only issue the court should address is that of its own jurisdiction. *Green v. Amerada Hess Corp.* (5th Cir. 1983) 707 F.2d 201, 204. In the present case, Defendants are making many vague allegations in an attempt to dispute Plaintiff's claims. However, this Court must not attempt to decide disputes as to facts and the law, but only decide the jurisdictional issue. See *Id.*

5. Defense on the merits by a non-diverse defendant should not be considered to determine whether joinder was fraudulent:

Courts ordinarily do not consider a non-diverse defendant's defenses on the merits in determining whether the joinder of a defendant was fraudulent. *Hunter v. Philip Morris USA* (9th Cir. 2009) 582 F.3d 1039, 1044 (fraudulent joinder not established by showing claim preempted by federal law, federal preemption defense

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

goes to merits, not whether defendant fraudulently joined); *Riverdale Baptist Church v. Certainteed Corp.* (D MD 2004) 349 F.Supp.2d 943, 950 (citing text). Affirmative defenses which "require[] an inquiry into the merits of the plaintiff's claims" should not be considered for purposes of fraudulent joinder. See *Hunter*, 582 F.3d at 1045.

In the present case, Defendants argue several defenses on the merits, and then claim, based on these defenses, that there is fraudulent joinder. Clearly, Defendants' defenses should not be considered in determining fraudulent joinder. However, even if Defendant's defenses were considered, they would not eliminate Plaintiff's causes of action against Defendant Cabrera for hostile work environment, state labor code violations, and intentional infliction of emotional distress.

*a. The managerial privilege defense does not resolve Plaintiff's claims of hostile work environment and intentional infliction of emotional distress:*

Defendants cite *Reno v. Baird* for their argument that "managerial privilege" protected Defendant Cabrera's harassing speech and conduct and as such, Plaintiff cannot prevail on her claims of hostile work environment and intentional infliction of emotional distress. However, *Reno* only applies to discrimination claims and in 2001, after the California Supreme Court decided *Reno*, "the California Legislature amended FEHA's harassment provision expressly holding individual employees liable for their harassment." *Martinez v. Michaels*, No. CV 15-02104 MMM (Ex), 2015 U.S. Dist. LEXIS 92180, at *25-26 (C.D. Cal. July 15, 2015). The district court

in *Martinez* stated:

"Finally, defendants cite *Reno v. Baird*, 18 Cal.4th 640, 647, 76 Cal. Rptr. 2d 499, 957 P.2d 1333 (1998), for the proposition that only an employer can be held liable for an employee's harassment…It is well established that *Reno* concerns FEHA discrimination claims, and that it does not apply to harassment claims. See *Hidalgo v. YRC Logistics Services, Inc.*, No. ED CV 10-1334 AHS (OPx), 2010 U.S. Dist. LEXIS 128408, 2010 WL 4883654, *2 (C.D. Cal. Nov. 22, 2010) (noting that the holding in *Reno* is limited to FEHA discrimination claims)…In fact, in 2001, after the California Supreme Court decided *Reno*, "the California Legislature amended FEHA's harassment provision expressly holding individual employees liable for their harassment." *Scott v. Solano Cnty. Health & Soc. Servs. Dep't*, 459 F.Supp.2d 959, 966 (E.D. Cal. 2006) (citing CAL.GOV'T CODE § 12940(j)(3) ("An employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action")). See also *Winarto v. Toshiba America Electronics Components, Inc.*, 274 F.3d 1276, 1288 (9th Cir. 2001) ("'As to supervisors . . . the language of FEHA is unambiguous in imposing personal liability for harassment or retaliation in violation of FEHA,'" quoting *Page v. Superior Court*, 31 Cal.App.4th 1206, 1212, 37 Cal. Rptr. 2d 529

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

(1995)). Moreover, "defendant fails to mention the more recent case of *Roby v. McKesson Corp.*, where the California Supreme Court determined that managerial acts can form the basis for a harassment claim where such acts have the 'secondary effect of communicating a hostile message.'" *Rios v. Career Educ. Corp.*, No. 2:14-cv-07697-CAS (AJWx), 2014 U.S. Dist. LEXIS 164935, 2014 WL 6670138, *5 (C.D. Cal. Nov. 24, 2014) (quoting 47 Cal.4th 686, 709, 101 Cal. Rptr. 3d 773, 219 P.3d 749 (2009)).

*Martinez* at *24-26 (C.D. Cal. July 15, 2015).

In the present case, Plaintiff has pled all the elements of a hostile work environment claim, which is based on CACI 2521A, and requires Plaintiff to show that: (1) Plaintiff is an employee; (2) she was subjected to unwanted harassing conduct based on her protected status; (3) the conduct was severe or pervasive, (4) a reasonable person of the same protected status as Plaintiff would find it harassing, (5) Plaintiff found it harassing, (6) a supervisor engaged in the conduct; and (7) Plaintiff was harmed by such conduct. Plaintiff has pled all those elements. (Complaint, Fifth Cause of Action, ¶¶138-158). If Plaintiff's proves these facts at trial, she will defeat any managerial privilege defense.

Similarly, the elements for a cause of action for intentional infliction of emotional distress include: (1) Extreme and outrageous conduct by defendant, (2) Intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

emotional distress. See *Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050. In *Alcorn v. Anbro Engineering Inc.* (1970) 2 Cal.3d 493, 499, the California Supreme Court held:

> "Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability."

Plaintiff has sufficiently pled the intentional infliction of emotional distress elements with specific factual allegations (e.g., Complaint, ¶¶11, 20, 350-359), that if proven at trial, will defeat the managerial privilege defense.

*b. Plaintiff's claims of hostile work environment and intentional infliction of emotional distress against Defendant Cabrera allege specific, severe, pervasive, extreme and outrageous factual allegations:*

Plaintiff alleged specific, severe, pervasive, extreme and outrageous factual allegations specific factual allegations in her Complaint that support her claims of hostile work environment and intentional infliction of emotional distress,
all of which were "continuous and frequent and directed at Plaintiff and other African Americans." (Complaint, ¶20). Plaintiff's examples are as follows:

- "saying they would fire all the black employees,"
- "saying they would fire all the black employees if they did not get in line,"
- "telling African Americans they don't have the right look,"
- "saying that non-African Americans can be promoted because they have the

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

right look,"

- "saying that African Americans are a problem,"
- "saying that African Americans complain too much,"
- "talking in a negative way to African American employees, whereas talking in a respectful way to non-African American employees,"
- "denying access badges to Plaintiff and other African American employees whereas providing access badges to non-African American employees,"
- "firing African American employees (including Plaintiff and others) whereas not firing non-African American employees,"
- "denying similar terms, conditions, and privileges to African Americans, whereas providing those same terms, conditions and privileges to non-African Americans including access badges,"
- "promoting non-African Americans over African Americans,"
- "yelling at African Americans whereas being respectful to non-African Americans,"
- "[African Americans] denied access to the employee parking lot when non-African American employees were allowed to park in the parking lot,"
- "[African Americans] denied proper training when non-African American employees were given proper training,"
- "being disrespectful to African Americans only,"
- "yelling at African Americans for being on the phone whereas allowing

non-African Americans to be on the phone,"

- "treating African Americans poorly,"
- "denied pay increases to African Americans when non-African Americans were given them,"
- "African Americans were schedule to work in a less desirable work area, where there was no shade, water or access to suitable seating when non-African American employees were allowed to work in more favorable conditions and/or positions."

(Complaint, ¶20). Furthermore, Plaintiff has been under psychiatric care from Defendant Cabrera's conduct.

*c. Plaintiff's claims of hostile work environment and intentional infliction of emotional distress against Defendant Cabrera are not preempted by the Worker's Compensation Exclusivity Rule:*

Plaintiff's claims of hostile work environment and intentional infliction of emotional distress against Defendant Cabrera are not preempted by the Worker's Compensation Exclusivity Rule because Defendant Cabrera is not Plaintiff's employer. So as to the actions against Defendant Cabrera, the Worker's compensation exclusivity rule is not applicable. Second, an action for intentional infliction of emotional distress against an employer is not preempted by the workers compensation exclusivity rule if the conduct complained about is outside the

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

boundaries of the compensation bargain. *Cole v. Fair Oak Fire Protection Dist.* (1987) 43 Cal.3d 148, 160. The exclusivity rule does not bar a suit for emotional distress damages resulting from unlawful discrimination or other misconduct that exceeds the normal risks of the employee relationship. *Livitsanos v. Superior Court* (Continental Culture Specialists, Inc.) (1992) 2 Cal.App.4th 243, 288. Defendant Cabrera's fostering of a racially harassing hostile work environment far exceeded the normal bounds of an employer employee relationship, and as such, the Worker's Compensation Exclusivity Rule does not apply.

*d. Doe defendants should not be disregarded.*

Furthermore, Plaintiff in her complaint alleged numerous supervisors harassed her, and those supervisors may be added as defendants later, after discovery and investigation reveal their full names and contact information, so the doe defendants should not be disregarded.

C. <u>REMAND IS TIMELY.</u>

Remand may be ordered for lack of subject matter jurisdiction at any point prior to final judgment. 28 U.S.C. §1447(c). If there is any doubt about subject matter jurisdiction, remand must be ordered. *Ethridge v. Harbor House Rest.*, (9th Cir. 1988) 861 F.2d 1389, 1393. The proper procedure to challenge a removal is a motion for remand. *American Fire & Cas. Co v. Finn*, (1951) 341 US 6, 7.

Subject matter jurisdiction can be raised at any time and cannot be waived. *International Primate Protection League v. Administrators of Tulane Educational*

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

*Fund*, (1991) 500 US 72, 87. They are not subject to the 30-day period of procedural defects.

In any event, this motion for remand is within thirty days of removal and this case was just removed and assigned. No discovery has taken place, and nothing has been done on the case by either side (other than meeting and conferring on the remand issue). At such an early stage, remand is the proper route to take.

D. PLAINTIFF'S COUNSEL SEEKS ATTORNEY FEES AND COSTS FOR HAVING TO FILE THIS MOTION FOR REMAND.

Plaintiff requests that this Court order Defendants to pay $13,200 in sanctions, pursuant to 28 USC § 1447(c), to reimburse Plaintiff for the costs and fees incurred as a result of Defendants' improper removal of this case. On granting a motion for remand, the federal court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal. See 28 USC §1447(c), *Martin v. Franklin Capital Corp*. (2005) 546 US 132, 136. Plaintiff's attorneys, Lee Franck and Daniela Sanchez, have spent a total of 14.5 hours on this matter. Lee Frank spent 12.5 hours on this matter at a rate of $1,000.00 per hour. Daniela Sanchez spent a total of 2 hours on this matter at a rate of $350.00 per hour. As such, Plaintiff requests that Defendants be sanctioned $13,200.00.

## IV. CONCLUSION

Plaintiff respectfully requests that this Court order that the entire action is REMANDED back to state court for lack of subject matter jurisdiction and award

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

Plaintiff's counsel attorney fees and costs.

////

Dated: July 31, 2024

Respectfully submitted,

**CUMMINGS & FRANCK P.C.**

By: /s/ - Lee Franck

Lee Franck

Attorney for Plaintiff

CUMMINGS & FRANCK, P.C.
1025 WEST 190TH STREET, STE. 200
GARDENA, CA 90248

## WORD COUNT

The word count on this document, excluding the declarations, notice, table of contents and authorities, is 6,782 words (less than the 7,000 allowed words).

////

Dated: July 31, 2024

Respectfully submitted,

**CUMMINGS & FRANCK P.C.**

By: _/s/ - Lee Franck_______________

Lee Franck

Attorney for Plaintiff

# DECLARATION OF LEE FRANCK

I, Lee Franck, declare:

1. I am an attorney at law duly authorized to practice law before all the courts of the State of California and the Central District. I am the attorney of record for the plaintiff. I am familiar with the files, pleadings and facts in this case and could and would competently testify to the following facts based upon my own personal knowledge or information and belief:

2. On May 28, 2024, Plaintiff filed a wrongful termination action in state court alleging state law claims (e.g., discrimination, hostile work environment, failure to accommodate).

3. On July 1, 2024, Defendants filed a notice of removal.

4. On July 3, 2024, I emailed defense counsel to meet and confer about remanding the case back to state court. Attached as Exhibit A is a true and correct copy of my July 3, 2024 email to defense counsel.

5. In my July 3, 2024 email, I explained to defense counsel that Defendant Rosa Cabrera was not added later to avoid diversity, she was in the case the entire time.

6. On July 18, 2024, my junior associate, Daniela Sanchez, met and conferred with defense counsel via email as well as telephonically, again for purpose of remand.

7. Upon information and belief, Defendant Rosa Cabrera, like Plaintiff,

resides in California.

8. Plaintiff has been under psychiatric care as a result of Defendant Cabrera's conduct.

9. I spent 12.5 hours on this matter researching, preparing the motion for remand and to prepare a reply and attend the court hearing on this issue.

10.My billing rate is $1,000.00 per hour.

11. Here, this case is in its early stages. It was just removed and assigned this case. No discovery has taken place, and nothing has been done the case by either side (other than meeting and conferring on remand). At such an early stage, remand is the proper route to take.

12.Supplemental jurisdiction should not be exercised here. As the motion explains, there is no federal question and diversity of citizenship is destroyed because both Plaintiff and Defendant Rosa Cabrera reside in California.

13. As such, remand should be ordered based on the terms agreed to by Plaintiff.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 31, 2024, at Los Angeles, California.

_/s/ - Lee Franck_______________

Lee Franck

**DECLARATION OF DANIELA SANCHEZ**

I, Daniela Sanchez, declare:

1. I am an attorney at law duly authorized to practice law before all the courts of the State of California and the Central District. I am one of the attorneys of record for the plaintiff. I am familiar with the files, pleadings and facts in this case and could and would competently testify to the following facts based upon my own personal knowledge or information and belief:

2. On July 18, 2024, I met and conferred with defense counsel via email as well as telephonically, for purpose of remanding this case back to state court.

3. On July 18, 2024, after telephonically meeting and conferring I emailed with defense counsel to further meet and confer about remanding the case back to state court. Attached as Exhibit B is a true and correct copy of my July 18, 2024 email to defense counsel.

4. I spent 2 hours on this matter preparing for the meet and confer call and handling the meet and confer call and follow up email.

5. My billing rate is $350.00 per hour.

6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 31, 2024, at Los Angeles, California.

/s/ - Daniela Sanchez

Daniela Sanchez

**Claiborne v. The Hertz Corporation; et. al. Case No. 2:24-CV-5571**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA AND UNITED STATES, COUNTY OF LOS ANGELES**

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1025 West 190th Street, Suite 200, Gardena, CA 90248.

On July 31, 2024, I served the following documents, described as:

"Plaintiff's motion for remand"

**on all interested parties:**

_X_ **(BY E-MAIL)** As follows: Via the CM/ECF system and via separate email:

_X_ **(STATE AND UNITED STATES)** I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

Executed on July 31, 2024, at Gardena, California.

/s/ - Lee Franck

Lee Franck