JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05571-MRA-AGR | Date | February 26, 2025 |
|---|---|---|---|
| Title | Elizabeth Claiborne v. The Hertz Corporation et al. | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND THE ENTIRE CASE BACK TO STATE COURT [ECF 15]**

Before the Court is Plaintiff's Motion to Remand the Entire Case Back to State Court (the "Motion"). ECF 15. The Court read and considered the moving, opposing, and reply papers and held a hearing on October 3, 2024. ECF 23. For the reasons stated herein, the Court **GRANTS** the Motion.

I.   **BACKGROUND**

Plaintiff Elizabeth Claiborne ("Plaintiff") brings multiple employment-related state-law claims against her former employer, Defendants Hertz Corporation and Hertz Global Holdings, Inc. ("Hertz"), and her former supervisor, Defendant Rosa Cabrera ("Cabrera"). Plaintiff worked for Hertz at the Los Angeles International Airport ("LAX") from February 9, 2023, to approximately July 27, 2023. ECF 3 ("Compl.") ¶¶ 15, 17, 57. Plaintiff was an Exit Gate Flex Agent who handled customer vehicle returns to the airport. Compl. ¶ 18.

The Complaint alleges that Cabrera and other employees created a hostile work environment and discriminated against and retaliated against African American employees. *Id.* ¶ 20. Plaintiff is an African American woman. *Id.* ¶ 19. She alleges that Defendants told African American employees that they did not "have the right look" or were "a problem," yelled at African American employees, and placed them in work areas with no shade, water, or access to suitable seating. *Id.* Moreover, the Complaint alleges that Hertz "implemented policies relating to badges, parking lot areas and attendance" that had a disparate impact on African Americans "in terms of discipline, adverse actions and other issues in the workplace." *Id.* ¶ 21.

While employed with Hertz, Plaintiff at various times requested bereavement leave, kin care leave, paid sick leave, and disability accommodation leave to care for family members. She

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05571-MRA-AGR | Date | February 26, 2025 |
|---|---|---|---|
| Title | Elizabeth Claiborne v. The Hertz Corporation et al. | | |

alleges that, instead of engaging in a good-faith interactive process "based on her association with her disabled family members," Defendants retaliated against her, denied her request for kin care and paid sick leave on several occasions, and harassed her by telling her to "not deal with [family] stuff at work." *Id.* ¶¶ 25-37.

Plaintiff alleges that she reported poor workplace conditions, which also resulted in retaliation. She reported to Hertz and Cabrera "issues with heat, shade, drinking water" and "requested suitable seating in the workplace." *Id.* ¶¶ 39-40. She reported issues with wage statements and reimbursements for business expenses, as well. *Id.* ¶¶ 41-44. Instead of correcting these issues, Defendants threatened Plaintiff's job and told her to stop complaining. *Id.* ¶ 46.

The Complaint alleges that Defendants "actually and/or constructively" terminated Plaintiff "on two separate occasions." *Id.* ¶ 53. Specifically, Hertz fired Plaintiff on June 9, 2023, but reinstated her on June 30, 2023, after Plaintiff filed a complaint through her union. *Id.* ¶ 55. Plaintiff was permanently fired on or about July 27, 2023. *Id.*

Plaintiff exhausted all administrative remedies before filing this lawsuit in Los Angeles County Superior Court on May 28, 2024. ECF 3 at 5. The Complaint includes the following 19 claims against Hertz: (1) race/color/ancestry discrimination in violation of the Fair Employment and Housing Act ("FEHA") (Cal. Gov't Code § 12900 *et seq.*); (2) association discrimination in violation of FEHA; (3) failure to accommodate/engage in a good-faith interactive process (Cal. Gov't Code § 12940(n)); (4) retaliation for requesting accommodations/opposing practices forbidden by FEHA; (5) hostile work environment in violation of FEHA; (6) failure to prevent discrimination harassment and retaliation in violation of FEHA; (7) interference and retaliation for taking/requesting kin care (Cal. Lab. Code §§ 233, 246.5); (8) interference and retaliation for taking/requesting paid sick leave (Cal. Lab. Code §§ 233, 246.5); (9) failure to reimburse in violation of Cal. Lab. Code § 2802; (10) failure to pay all wages in violation of Cal. Lab. Code §§ 119, 201-204, 215, 216 *et seq.*, 226.6, 226.7, 510(a), 512, 558, 1172-1174, 1194, 1198, 1199 and Cal. Code Regs. tit. 8, § 11040 *et seq.*; (11) improper wage statements in violation of Cal. Lab. Code § 226; (12) failure to pay all wages owed at end of employment in violation of the Cal. Lab. Code §§ 201, 202 & 203; (13) retaliation for taking/requesting bereavement leave (Cal. Gov't Code § 12945.7); (14) violation of suitable seating laws (Cal. Indus. Welfare Comm'n Ord. No. 10-2001); (15) wrongful termination/adverse employment action in violation of public policy; (16) negligent hiring and retention; (17) intentional infliction of emotional distress ("IIED") (Cal. Civ. Code § 3294); (18) retaliation for whistleblowing (Cal. Lab. Code § 1102.5); and (19) violation of the Cal. Bus. Pro. Code § 17200 *et. seq.* Only six of these claims are brought

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05571-MRA-AGR | Date | February 26, 2025 |
|---|---|---|---|
| Title | Elizabeth Claiborne v. The Hertz Corporation et al. | | |

against Cabrera for creating a hostile work environment in violation of FEHA (claim 5), for violating certain state labor code violations (claims 9-12), and for IIED (claim 17).

On July 1, 2024, Defendants filed an Answer and removed this action to federal court. ECF 1 at 11. Defendants claim that the Court has original jurisdiction over Plaintiff's state-law claims because they arise under the Labor Management Relations Act. *Id.* at 15. Defendants also argue that the Court has diversity jurisdiction because Cabrera is a sham defendant, and the other parties are diverse from each other. *Id.* at 20. On July 3, 2024, Plaintiff filed the instant Motion, arguing that all her claims arise under California state law, and that diversity of citizenship does not exist. *See* ECF 15. Defendants oppose the Motion. ECF 16.

## II.    DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Removal of a state action to federal court is proper only if the district court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Removal statutes are to be strictly construed, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), and the party seeking removal bears the burden of proving its propriety, *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

### A.    Federal Question Jurisdiction

Defendants argue that this Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because this case involves federal questions under section 301 ("Section 301") of the Labor Management Relations Act ("LMRA"). ECF 1 at 14. Section 301 provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). Plaintiff disagrees, arguing that all her claims are based on state law and not dependent on the collective bargaining agreement ("CBA") between her former labor union and Hertz.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05571-MRA-AGR | Date | February 26, 2025 |
|---|---|---|---|
| Title | Elizabeth Claiborne v. The Hertz Corporation et al. | | |

### 1. *Legal Standard*

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Ordinarily federal pre-emption is raised as a defense to the allegations in a plaintiff's complaint." *Id.* at 393. But "the preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 23 (1983); *see also Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)) ("[T]he Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts.").

The Ninth Circuit employs a two-step test to "ensure that § 301 preemption extends only as far as necessary to protect the role of labor arbitration in resolving CBA disputes . . ." *Curtis*, 913 F.3d at 1152 (citations omitted). Courts ask (1) whether the cause of action "involves a right that exists solely as a result of the CBA;" and if not, (2) whether "a plaintiff's state law right is substantially dependent on the analysis of the CBA, which turns on whether the claim cannot be resolved by simply 'looking to' versus 'interpreting' the CBA." *Id.* at 1153 (internal brackets omitted). "'Interpretation' is construed narrowly; it means something more than 'consider,' 'refer to,' or 'apply.'" *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018) (citing *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000)).

### 2. *Analysis*

Defendants' Notice of Removal asserts that Plaintiff's claims for wrongful termination in violation of public policy (claim 15), interference and retaliation for taking/requesting bereavement leave in violation of FEHA (claim 13), interference and retaliation for taking/requesting paid sick leave in violation of the California Labor Code (claim 8), and IIED (claim 17) "arise from" and "necessarily require interpretation of" the CBA's terms. ECF 1 at 14. In their Opposition, Defendants reassert that "Plaintiff's claims arise from the CBA governing the conditions for Plaintiff's claims." ECF 16 at 15. The only argument they make, however, is with respect to Plaintiff's discrimination and retaliation claims, which they contend will require interpreting specific provisions of the CBA. They argue that Plaintiff references her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05571-MRA-AGR | Date | February 26, 2025 |
|---|---|---|---|
| Title | Elizabeth Claiborne v. The Hertz Corporation et al. | | |

union grievance in support of her wrongful termination claim, but that the CBA is silent on whether someone who is on probation is considered an at-will employee during their probationary period. ECF 16 at 15-16. They also argue that whether Plaintiff engaged in a "continued refusal of a direct order" and "gross insubordination" leading to her second termination will require interpretation of the term "refusal" in the CBA. *Id.* Defendants assert that "the Court will also need to interpret the provisions in the CBA relating to wages (Article 14), bereavement leaves (Article 20), paid sick (Article 19), and leaves of absence (Article 21) in order to decide Plaintiff's wage hour, paid sick, bereavement leave, and other leave claims." *Id.*

The Court finds these arguments entirely unavailing. First, despite stating that Plaintiff's claims "arise from" the CBA, Defendants do not allege or argue that any of the claims exist solely because of the CBA. *See Curtis*, 913 F.3d at 1153. Second, Defendants fail to establish in any meaningful way that any of the claims are "substantially dependent" on analysis of the CBA. *Id.* Rather than address how each claim is preempted, Defendants argue only in general terms that the Court will need to interpret certain terms in the CBA. But even if it is necessary to interpret the term "refusal" in the CBA to evaluate Plaintiff's actions and Hertz' response, or necessary to consider the CBA somehow to decide whether Plaintiff was an at-will employee during her probation period, that does not mean "there is an active dispute over 'the meaning of contract terms,'" *Alaska Airlines Inc.*, 898 F.3d at 921, such that preemption exists. "The plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." *Cramer v. Consol. Freightways Inc.*, 255 F.3d 683, 691 (9th Cir. 2001), *as amended* (Aug. 27, 2001). Indeed, only "when the heart of the state law complaint is a clause in the collective bargaining agreement" does that complaint arise under federal law. *Caterpillar Inc.*, 482 U.S. at 394 (cleaned up); *see also Adkins v. Mireles*, 526 F.3d 531, 539 (9th Cir. 2008) ("LMRA § 301 preempts state-law claims that are 'substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract[.]'") (quoting *Allis-Chalmers Corp.*, 471 U.S. at 220). Defendants fail to make that argument or showing in this case. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) ("The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").

Although "the difference between *interpreting* and merely *referencing* a collective bargaining agreement is inherently 'hazy,'" the Court is guided by the principle that "preemption should not be lightly inferred because establishing minimum labor standards comes within a state's traditional police power." *Melendez v. San Francisco Baseball Assocs. LLC*, 7 Cal. 5th 1, 10 (2019) (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1109 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05571-MRA-AGR | Date | February 26, 2025 |
|---|---|---|---|
| Title | Elizabeth Claiborne v. The Hertz Corporation et al. | | |

2000)). Under California law, "at-will employees may recover tort damages from their employers if they can show they were discharged in contravention of fundamental public policy," which includes being discharged in violation of FEHA. *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 71-76 (1998).[1] Moreover, under FEHA, employers are prohibited from discriminating, discharging, demoting, or suspending employees who exercise their right to bereavement leave. *See* Cal. Gov't Code § 12945.7. Under California's "kin care" law, with some exceptions not addressed by Defendants, employers must also allow employees to use accrued sick leave to care for ill family members. *See* Cal. Lab. Code § 233. And threatening to discharge, demote, suspend, or discriminate employees who use or attempt to use accrued sick leave for kin care is unlawful. *Id.* These rights apply equally to non-unionized and unionized employees. *See Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1069 (9th Cir. 2007) (explaining that it is clear that "a unionized employee cannot be deprived of the full protections afforded by state law simply by

---

[1] *See also Curtis*, 913 F.3d at 1152 ("Prohibiting discrimination in employment, and establishing other worker rights remains well within the traditional police power of the states, and claims alleging violations of such protections will not necessarily be preempted, even when the plaintiff is covered by a CBA."); *Schrader v. Noll Mfg. Co.*, 91 F. App'x 553 (9th Cir. 2004) ("We have consistently held that state law discrimination claims under the FEHA do not require courts to interpret the terms of a CBA and are therefore not preempted by § 301."); *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007) ("A discrimination claim need not be preempted merely because certain aspects of the collective bargaining agreement govern work assignments and discharges."); *Saridakis v. United Airlines*, 166 F.3d 1272, 1276 (9th Cir. 1999) ("[R]ights created by . . . anti-discrimination statutes such as Title VII and California's [FEHA] are independent of a CBA."); *Espinal v. Nw. Airlines*, 90 F.3d 1452 (9th Cir. 1996) (discrimination claims exist independently of the CBA); *Klausen v. Warner Bros. Television*, 158 F. Supp. 3d 925, 930 (C.D. Cal. 2016) ("FEHA establishes 'nonnegotiable state-law rights' which cannot be altered by contract, including by CBAs."); *Rankins v. United Parcel Serv., Inc.*, No. 3:23-CV-05785-JSC, 2024 WL 1707245 (N.D. Cal. Apr. 19, 2024) (finding that while plaintiff's breach of contract claim was preempted, plaintiff's FEHA claims were not even though the union bargaining agreement specifically forbid illegal discrimination); *De Leon v. J.M. Equip. Co., Inc.*, No. 223CV00717DADKJN, 2023 WL 8473839, at *4 (E.D. Cal. Dec. 7, 2023) ("It appears clear that under binding authority, plaintiff's FEHA claims, as well as his wrongful termination in violation of public policy claim, are grounded in state law and not based on the CBA."); *Jones v. Sysco Ventura Inc.*, No. 2:21-CV-04116-SVW-AGR, 2021 WL 6104193, at *3-5 (C.D. Cal. Sept. 1, 2021) (holding that the plaintiff's claims alleging discrimination, harassment, retaliation, failure to accommodate, and failure to provide an interactive process were claims based on rights conferred by the FEHA, not the CBA).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05571-MRA-AGR | Date | February 26, 2025 |
|---|---|---|---|
| Title | Elizabeth Claiborne v. The Hertz Corporation et al. | | |

virtue of the fact that her union has entered into a CBA.").

As for Plaintiff's IIED claim, "[b]ecause the tort requires inquiry into the appropriateness of the defendant's behavior, the terms of the CBA can become relevant in evaluating whether the defendant's behavior was reasonable." *Miller v. AT & T Network Sys.*, 850 F.2d 543, 550 (9th Cir. 1988), *opinion amended on denial of reh'g*, (9th Cir. Aug. 24, 1988). However, "[e]motional distress claims may not be preempted if the particular offending behavior has been explicitly prohibited by mandatory statute or judicial decree, and the state holds violation of that rule in all circumstances sufficiently outrageous to support an emotional distress claim." *Cramer*, 255 F.3d at 697 (quoting *Miller*, 850 F.2d at 550 n. 5). Here, Defendants "fail[] to meaningfully connect the identified CBA provisions to Plaintiff's IIED allegations," and the state law "do[es] not permit the outrageous conduct at issue here: discrimination, harassment, and retaliation based on race." *Perez v. Foster Poultry Farms*, No. 22-CV-691-JLT-SAB, 2024 WL 279112, at *7 (E.D. Cal. Jan. 24, 2024). Thus, this claim like the others is not preempted. *See, e.g., Garcia v. Rite Aid Corp.*, No. CV-1702124-BRO-SK, 2017 WL 1737718, at *7 (C.D. Cal. May 3, 2017) (explaining that plaintiff's emotional distress claim was not preempted to the extent it was based on defendant's alleged unlawful retaliation and termination of plaintiff for whistleblowing and failure to provide meal and rest breaks); *Busey v. P.W. Supermarkets, Inc.*, 368 F. Supp. 2d 1045, 1053 (N.D. Cal. 2005) (finding no preemption when "[m]ost of the conduct alleged by Plaintiff to have caused him emotional distress [was] not controlled by provisions of the CBA.").

### B. Diversity Jurisdiction

Defendants alternatively argue that the Court has diversity jurisdiction over this action because Cabrera—who is a citizen of California like Plaintiff—is fraudulently joined as a defendant to destroy diversity. Hertz Corporation and Hertz Global Holdings, Inc. are citizens of Delaware and Florida, respectively, and the parties agree that the amount in controversy exceeds $75,000. ECF 1 at 20. Without Cabrera, the Court would have diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

The Ninth Circuit has warned that "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). "Fraudulent joinder is established . . . if a defendant shows that an 'individual[] joined in the action cannot be liable on any theory.'" *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). That is, "if there is a *possibility* that a state court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05571-MRA-AGR | Date | February 26, 2025 |
|---|---|---|---|
| Title | Elizabeth Claiborne v. The Hertz Corporation et al. | | |

would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (citing *Hunter*, 582 F.3d at 1046).

While "the fraudulent joinder standard shares some similarities with the analysis under Rule 12(b)(6)"—because "[b]oth require some assessment of the plaintiff's lawsuit"—"the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare, LLC*, 889 F.3d at 549 (elaborating that "[a] claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."). As the Ninth Circuit explained in *Grancare, LLC*:

> A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits. Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction. The relative stringency of the standard accords with the presumption against removal jurisdiction, under which we "strictly construe the removal statute," and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."

889 F.3d at 549-550 (citing *Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984), *abrogated by Neitzke v. Williams*, 490 U.S. 319 (1989); *Gaus*, 980 F.2d at 566). Indeed, even if a defendant cannot withstand a Rule 12(b)(6) motion, "the fraudulent inquiry does not end there. . . . the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare, LLC*, 889 F.3d at 550.

Here, the Complaint alleges six claims against Cabrera: hostile work environment in violation of FEHA (claim 5); four state labor code violations (claims 9-12); and IIED (claim 17). If Cabrera can be held liable under any one of these claims, the Court must remand for lack of diversity jurisdiction. *See* Compl. ¶¶ 138-158, 204-257, 350-378.

Plaintiff argues that Cabrera was her "her main harasser." ECF 15 at 11. The Complaint includes allegations that Cabrera and other employees treated African American employees in a discriminatory way – threatening to fire them "if they did not get in line," telling them that "they are a problem," placing them in "less desirable" work areas with no shade, water, or suitable

Case 2:24-cv-05571-MRA-AGR   Document 26   Filed 02/26/25   Page 9 of 10   Page ID #:587

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05571-MRA-AGR | Date | February 26, 2025 |
|---|---|---|---|
| Title | Elizabeth Claiborne v. The Hertz Corporation et al. | | |

seating, and yelling or speaking to them in "a negative way." Compl. ¶ 20. The Complaint also alleges more generally that African American employees were not promoted because they "don't have the right look," and that Defendants treated employees differently based on their race. *Id.*

It is unlawful under California law for an employer to harass an employe because of "race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, reproductive health decisionmaking, or veteran or military status." Cal. Gov't Code § 12940(j)(1). "An employee of an entity subject to [FEHA § 12940(j)] is personally liable for any harassment prohibited by [§ 12940(j)] that is perpetrated by the employee." Cal. Gov't Code § 12940(j)(3); *see also Raines v. U.S. Healthworks Med. Grp.*, 15 Cal. 5th 268, 277 (2023); *Lopez v. Routt*, 17 Cal. App. 5th 1006, 1016 (2017) ("FEHA imposes personal liability on individual employees for harassment (§ 12940(j)(3)) but does not impose personal liability on individual employees for employment discrimination (§ 12940(a)) or retaliation (§ 12940(h))." (cleaned up)).

To establish a prima facie case of unlawful harassment under FEHA, an employee must show that the harassing conduct was "unwelcome" and "sufficiently severe or pervasive to alter the conditions of [their] employment and create an abusive work environment." *Bailey v. San Francisco Dist. Attorney's Off.*, 16 Cal. 5th 611, 627 (2024) (citation omitted). "The objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position." *Id.* "Whether a work environment is reasonably perceived as hostile" is not "a mathematically precise test" and may depend on "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (citations omitted).

Defendants argue that Plaintiff's harassment claim against Cabrera fails because the Complaint does not allege that Cabrera's hostile or harassing conduct was "sufficiently severe or pervasive." ECF 16 at 19. In fact, Defendants argue that the Complaint does not specifically allege that Cabrera herself made any harassing comments about Plaintiff's race or what actions Cabrera took and what other employees did to harass Plaintiff or create a hostile work environment. *Id.* at 20.

Even if these allegations as currently pleaded *may* not withstand a Rule 12(b)(6) motion, at this time the Court cannot find that there is "[no] *possibility* that a state court would find that the complaint states a cause of action against [Cabrera] . . ." *Grancare, LLC*, 889 F.3d at 548.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05571-MRA-AGR | Date | February 26, 2025 |
|---|---|---|---|
| Title | Elizabeth Claiborne v. The Hertz Corporation et al. | | |

The claims against Cabrera are not "wholly insubstantial and frivolous." *Id.* at 549-550. More important, Plaintiff's counsel stressed at the hearing on the Motion that the deficiencies in the Complaint—namely, the lack of specificity as to which acts were perpetuated by Cabrera herself versus other employees—could be cured. In other words, "[b]ecause these arguments go to the sufficiency of the complaint, rather than to the possible viability of [Plaintiff's] claims against [Cabrera], they do not establish fraudulent joinder." *Id.* at 552; *see also United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (explaining that the failure to state a claim must be "obvious according to the well-settled rules of the state" for joinder to be fraudulent); *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169-70 (E.D. Cal. 2011) ("In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.").

Thus, the Court finds that it lacks diversity jurisdiction over this action because Cabrera is not fraudulently joined as a defendant.

### C. Fee Request

"Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Here, the Court finds that Defendants did not lack an objectively reasonable basis for seeking removal, as reflected in the analysis above. Thus, Plaintiff's request for attorney's fees is **DENIED**.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is **GRANTED** but her request for attorneys' fees is **DENIED**. This action is remanded to Los Angeles County Superior Court (Case No. 24STCV13248). The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

|   | : |   |
|---|---|---|

Initials of Deputy Clerk    gga